# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00062-CR
NO. 03-06-00063-CR
NO. 03-06-00064-CR
NO. 03-06-00065-CR

**Jason Vidal, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NOS. 00-2643, 00-2644, 995391, 995247, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After observing the appellant, another man, and two women riding in a car that matched the description of a car used in four different robberies earlier that evening, police officers pulled the car over and eventually arrested the four individuals that were inside the car. Shortly after his arrest, the appellant was charged with committing four different acts of aggravated robbery. *See* Tex. Pen. Code Ann. §§ 29.02 (listing elements of robbery), .03 (specifying elements of aggravated robbery) (West 2003). After a trial on the merits, the jury returned a verdict finding that the appellant was guilty of all four counts of aggravated robbery. In two of the counts, the jury also found that the appellant used or exhibited a deadly weapon—a firearm—during the commission of those offenses. The appellant chose to have the jury assess his punishment, and the jury concluded that the appellant should be sentenced to twenty-five years' imprisonment for each count. After the

jury specified its punishment, the court ordered that the four sentences be served concurrently. The court of criminal appeals later granted the appellant permission to file an out-of-time appeal, and the appellant now appeals all four of his convictions. We will affirm the judgment of the district court.

## DISCUSSION

In his sole issue on appeal, the appellant contends that the district court erred by admitting into evidence the testimony of Detective Michael Cowden. During the trial, Cowden first testified that he took a statement from Vanessa Pasos, one of the other individuals arrested by the police, and then related the details of her statement. The appellant contends that a portion of Cowden's testimony was admitted in violation of his Sixth Amendment right to "be confronted with the witnesses against him." *See* U.S. Const. amend. VI. In particular, the appellant complains about statements indicating that Pasos told Cowden that the appellant (1) was involved in the four robberies, (2) would approach the victims to take their property, and (3) would hold a weapon during the robberies. The relevant portion of the exchange in the district court, which occurred during the direct examination of Cowden, is as follows:

> Q: Did [Pasos] also talk to you about having taken a ring off of one of the victim's fingers?
>
> A: Yes. The two girls they took the items from behind Albertson's she said they were trying to get a ring off one of the girl's fingers; it would not come off, could not get it off.
>
> [Appellant's attorney]: Objection. Hearsay.
>
> [State]: It's a statement by a co-conspirator who is implicating herself.

2

[Appellant's attorney]: Your Honor, he's reading from her statement. Doesn't give him the right to cross-examine her.

THE COURT: So you have a different objection now? Your objection was hearsay.

[Appellant's attorney]: Now, Your Honor, - -

THE COURT: I believe they're relying on admission by party opponent. Is that correct?

[State]: That's correct.

THE COURT: Statement against penal interest.

[State]: Yes.

THE COURT: All right. Okay. It does seem to be that as to statement against interest, under subsection 24 rule 803, that it would be admissible as an exception to the hearsay rule. What's your other objection?

[Appellant's attorney]: It doesn't give us a right to cross-examine the witness.

THE COURT: Confrontation? Right of confrontation?

[Appellant's attorney]: Ineffective assistance of counsel.

THE COURT: Any response to that objection?

[State]: Your Honor, I think those objections fail in cases where a co-defendant is making statements where she clearly implicates herself in addition to implicating other defendants.

THE COURT: I'm not aware of any cases that would hold that this is a violation of right to confront the witness against the defendant, being introduced in this manner. And ineffectiveness of counsel, I don't think would be applicable either. So I'll overrule the objection.

Q: Now, Detective, in addition to giving your statement, giving your statement or gave information that clearly implicated her in the robbery, in fact did she say that she got out of the vehicle in the robbery to help take stuff?

A: Yes.

Q: Did she indicate that the other female was indeed the driver of the vehicle during that entire time?

[Appellant's attorney]: Objection, Your Honor, leading.

THE COURT: Overruled.

. . .

Q: Did [Pasos] indicate that [the appellant] was involved in the robbery?

A: Yes, she did.

Q: What did she indicate his involvement was?

A: Gary would serve as lookout, and herself and [the appellant] would exit the car to approach the victims to take the property from them.

Q: Did she say Gary was the lookout or did she say she would be the lookout?

A: [Pasos] would . . . Gary would look for the people, he would pick them, [Pasos] would be lookout, and then they would all exit the car and take the property from them. Rosie stayed in the vehicle.

. . .

Q: . . . During the course of her confession to you did [Pasos] indicate who would hold the weapon on the victim?

A: Yes.

Q: And who would hold the weapon on the victim?

A: Normally [the appellant] and Gary that had the weapons.


In support of his assertion that the admission of Cowden's testimony violated the Sixth Amendment, the appellant relies primarily on *Crawford v. Washington*, in which the Supreme

4

Court held that a witness's prior testimonial statement may be admitted into evidence only if the witness is unavailable and if the defendant had a previous opportunity to cross-examine the witness. 541 U.S. 36, 68 (2004). The appellant contends that Pasos's prior statements to Cowden were testimonial in nature, and for the purposes of this appeal, we will assume that the statements were indeed testimonial. *See id.* at 52 (concluding that "[s]tatements taken by police officers in the course of interrogations are . . . testimonial."). Because the appellant was not given the opportunity to cross-examine Pasos before Cowden testified regarding her prior statements, the appellant insists that the district court erred in admitting the portion of Cowden's testimony implicating the appellant.

We conclude that this issue was not properly preserved for consideration on appeal. To properly preserve a complaint regarding a Confrontation-Clause violation, a party must make a proper objection. *See Oveal v. State*, 164 S.W.3d 735, 739 n.2 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Bunton v. State*, 136 S.W.3d 355, 368-69 (Tex. App.—Austin 2004, pet. ref'd) (noting that defendant waives his constitutional right to confront witnesses if he fails to make objection at trial and holding that Supreme Court's recent release of *Crawford* opinion, which modified Confrontation-Clause analysis, did not abrogate defendant's obligation to object even though *Crawford* was issued after Bunton's trial); *see also Muniz v. State,* 851 S.W.2d 238, 255 (Tex. Crim. App. 1993) (stating that failure to object can even waive errors involving constitutional rights). To effectively object to the improper admission of evidence, the complaining party must make a timely and specific objection, and the trial judge must either rule on the objection or refuse to rule. *Haley v. State*, 173 S.W.3d 510, 516 (Tex. Crim. App. 2005); *see* Tex. R. App. P. 33.1(a).

Moreover, with two exceptions not relevant to this appeal, an objection must be made each time inadmissible evidence is offered.[1] *Haley*, 173 S.W.3d at 517.

Although the appellant made a Confrontation-Clause objection to the portion of Cowden's testimony in which he recounted Pasos's description of her own actions, the appellant failed to object to Cowden's testimony relating what Pasos told him about the appellant's actions during the robberies—the statements complained of on appeal. In fact, between the time that the appellant objected and the time Cowden made the allegedly improper testimony, Cowden answered several questions unrelated to the appellant's involvement in the robberies, and the appellant objected to a portion of this testimony on the grounds that the State was leading the witness, not that the testimony violated the Confrontation Clause. For these reasons, we conclude that the appellant has waived his right to challenge the admission of the complained-of portion of Cowden's testimony. Thus, we overrule the appellant's issue on appeal and affirm the judgment of the district court.

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: August 10, 2007

---

[1] A party does not need to make repeated objections if the party requests a running objection or requests a hearing outside the presence of the jury. *Haley v. State*, 173 S.W.3d 510, 516 (Tex. Crim. App. 2005); *see* Tex. R. Evid. 103(a)(1) (providing that when court hears objections to admission of evidence outside presence of jury, objections will "be deemed to apply to such evidence when it is admitted before the jury."). The record reveals that the appellant did not request a running objection or a hearing.